The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the Workers' Compensation Act, the defendant-employer regularly employing more than four persons.
2. Plaintiff's alleged date of injury is 21 September 1994.
3. On and prior to 21 September 1994, plaintiff was regularly employed by the defendant-employer at an average weekly wage of $340.00.
4. On and prior to 21 September 1994, plaintiff was regularly employed by defendant-employer as a carpenter helper and laborer and as such, an employer/employee relationship existed between the parties.
5. Aetna Life and Casualty was the compensation carrier on the risk.
6. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of this action.
7. All parties have been correctly designated, and there is no question as to mis-joinder or non-joinder of the parties.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On or about 21 September 1994, plaintiff was employed as a carpenter's helper and laborer by defendant-employer T.A. Loving Company. He had been employed in this capacity since 25 August 1994.
2. Plaintiff's duties consisted of using numerous hand tools, such as a shovel, sledge hammer, pick ax, and racking bar. Further, plaintiff used hand electric tools such as a chipper, grinder, sander, paving breaker and jack hammer. He was also required to stand on ladders, scaffolding, temporary platforms, and/or personnel baskets. The job entailed climbing ladders, stairs and scaffolding, and required plaintiff to be able to lift, carry and hold in place building materials weighing up to 100 pounds during the welding, nailing and fastening of building materials. Plaintiff's job required varied body motions including reaching up and down, bending, stooping, crouching, kneeling, crawling, and pushing and pulling.
3. On 21 September 1994 plaintiff was working as a laborer for the T.A. Loving Company at a job site in Wake County. At such time and place and in the course and scope of his employment plaintiff was engaged all day in lifting and moving twenty-foot steel beams and tying the beams together with rods. While engaged in such activity, plaintiff suffered a specific traumatic incident of pain in his lower back.
4. On 22 September 1994, plaintiff promptly reported the incident to his supervisor, Jimmy Adams, and addressed the incident in a safety meeting to fellow employees and to other management representatives of the defendant-employer.
5. Plaintiff attempted to continue working, but as the pain increased in the week following the specific traumatic incident, the plaintiff sought medical care. On 29 September 1994, plaintiff went to the Coastal Medical Center and was immediately referred to the Raleigh Orthopaedic Clinic.
6. Plaintiff was diagnosed at the Raleigh Orthopaedic Clinic with a central disc herniation and was told to not return to work.
7. Plaintiff was temporarily and totally disabled from 21 September 1994 through 13 April 1995. There is no evidence that this disability has ended.
8. Dr. Leonard B. Nelson, Jr. has rated the plaintiff with a five percent (5%) permanent partial disability of the back. The plaintiff reached maximum medical improvement and was released on 26 April 1995.
9. Plaintiff has suffered permanent impairment in his wage earning capacity and a five percent (5%) permanent partial disability of his back.
10. Since the date of the hearing, 13 April 1995, the plaintiff has not been able to return to a competitive employment within his limitations.
11. Plaintiff has applied for and received compensation from the Employment Security Commission during some of the period of his disability.
12. Defendants' defense of this claim was based in reason.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of an injury by accident arising out of and in the scope and course of employment on 21 September 1994, plaintiff sustained a specific traumatic incident for which he is entitled to compensation. N.C. Gen. Stat. § 97-2(6).
2. As a result of this specific traumatic incident, plaintiff has been temporarily totally disabled and is, therefore, entitled to compensation beginning 21 September 1994, continuing through the date of the hearing and until such time as plaintiff returns to gainful employment or until further Order of the Industrial Commission is filed. Temporary total disability compensation shall be paid at the rate of $226.68 per week based upon plaintiff's stipulated average weekly wage of $340.00 per week. Defendants are entitled to a credit of unemployment benefits received by plaintiff from the Employment Security Commission against temporary total disability benefits due under this Opinion and Award. N.C. Gen. Stat. § 97-29.
3. Plaintiff's medical care was reasonably required to effect a cure and to give relief from his condition. Therefore, plaintiff is entitled to reimbursement for past expenses incurred with Coastal Medical Center and Raleigh Orthopaedic Clinic as a result of his job related injury, for sick travel, pharmaceutical expenses, hospitalization, and medical treatment, after the plaintiff properly submits an itemized statement to the defendants. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to reimbursement for future medical compensation and expenses which will be incurred as a result of the required treatment of his compensable injury so long as the treatment effects a cure or gives plaintiff relief from the pain associated with the central disc herniation. N.C. Gen. Stat. § 97-25.
5. Plaintiff has sustained a five percent (5%) permanent partial disability of the back as a result of his compensable injury on 21 September 1994. N.C. Gen. Stat. § 97-31(23)
6. Since defendants' defense of this claim was based in reason, the requested sanctions against defendants are not appropriate. N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to plaintiff temporary total disability benefits in the amount of $226.67 per week beginning 21 September 1994 through the date of the hearing and until such time as plaintiff returns to competitive employment. Such portions of said sum, having accrued, shall be paid in a lump sum without commutation, subject to attorney's fees hereinafter approved and a credit for unemployment benefits received from the Employment Security Commission.
2. Defendants shall pay all past and future medical expenses, including reasonable travel and pharmaceutical expenses, incurred by the plaintiff as a result of the injury by accident when bills for the same are properly submitted in accordance with Industrial Commission procedure.
3. An attorney's fee in the amount of 25 percent (25%) of the accrued compensation which has been recovered by the plaintiff and every fourth check which defendants shall hereafter pay to plaintiff is hereby approved for plaintiff's counsel. This amount shall be deducted from the compensation due plaintiff and paid directly to George W. Lennon, plaintiff's attorney.
This is the 14th of February 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________________ COY M. VANCE COMMISSIONER